OLIVER P. HIBBARD v. BARTON POTTER'S ADM'R.

**Fraudulent Conveyances—Subjecting Property to Payment of Debts.**

Where land is purchased and paid for by one, but title is taken in
the name of the purchaser's son in order to place it beyond the reach
of the purchaser's creditors, it may be subjected to creditors' debts.

APPEAL FROM CLAY CIRCUIT COURT.

June 18, 1873.

OPINION BY JUDGE PETERS:

At the time of the conveyance of the land to O. P. Hibbard the
evidence fails to show that he had the means to pay for it. It is
proved by various witnesses that Hiram Hibbard said he had pur-
chased and paid for the land; he lived on it and rented out a part
of it, collected the rent, and there is also evidence of the state-
ments of Mr. John Hibbard that he said that he had sold the land to
his son Hiram for four hundred dollars. And although the declara-
tions of the vendor, John Hibbard, after he had sold the land, and
those of Hiram Hibbard might not have been competent evidence,
still these declarations as proved by the witnesses were not objected
to, and came here as evidence in the case, uncontradicted by any-
thing but the deed from John Hibbard to O. P. Hibbard, with the
additional facts that Hiram Hibbard occupied the land, claimed it,
rented it, and subjected it to all the acts of co-partnership, while
the other party contents himself with a mere denial that H. Hibbard
paid for it without any effort to show that he had the means of pay-
ment, or that he ever exerted himself to make payment.

If it is admitted in the pleadings that Hiram Hibbard owed the
debt to Potter sued on before the purchase and conveyance of the
land it is not said or asserted that H. Hibbard had the land con-
veyed to his son by way of advancement to him, evidence of the
declarations of his vendor and H. Hibbard unobjected to show that
the latter paid for the land and had it conveyed to his son under
circumstances of a character necessarily indicating a design to with-
draw it from his creditors and subject the property to the payment
of the debts of him who advanced the money which existed prior
to the transaction.

Such is this case, and consequently the judgment must be *affirmed.*

*James, for appellant.*

———, *for appellee.*